IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 09-cv-02745-RPM

GEOFFREY LARSON,

    Plaintiff,

v.

UNITED AIR LINES,

    Defendant.

___

ORDER GRANTING SUMMARY JUDGMENT

___

    Geoffrey Larson began work with United Air Lines in 1999. He was transferred to the Denver International Airport hub in 2002. Mr. Larson worked his way up into a management position as an Operating Manager, reporting to Jean Massey. Both Mr. Larson and Ms. Massey were openly gay as were several other UAL employees. Mike Scanlon was the manager of the Denver hub. Mr. Larson's primary responsibility as an operations manager was supervision of the customer service representatives employed by UAL.

    Early in December, 2007, a document was discovered in the break room, addressed to Mike Scanlon. Without any indication of authorship, the document complained that "a lot of management or supervisors new and old are homosexuals." Specific concern was addressed to a relationship asserted to be between Ms. Massey and a woman lobby agent. Mr. Larson and others were named as offending the "straight and heterosexual population." Exhibit D.

Mr. Larson complained about this letter to Ms. Massey who also took offense from it.  Peggy Decker, an employee in the human resources office of UAL in Chicago, was assigned to conduct an investigation to determine the source of the anonymous letter.  She asked Mr. Larson to participate in the investigation but he declined.

In December, 2007, a letter signed by many customer service representatives was sent to Ms. Massey, Mr. Scanlon and others in upper management, expressing concern about operations in Denver and about the management style of Mr. Larson.

Also in December, 2007, Ms. Massey was transferred to Chicago and Mr. Larson was reassigned to the position of Manager of Business and Manpower Administration, responsible for scheduling union employees in the ramp area and complying with the collective bargaining agreement.  His supervisor was Todd Sprague, a person with whom Mr. Larson had a friendship from the time of his arrival at the Denver hub.  That friendship began because Mr. Sprague, who is not gay, was friends with Mr. Larson's gay partner.

Mr. Sprague often expressed some pride in the diversity of the people in the work place and often referred to Mr. Larson as a "fag" and made other comments concerning homosexuality.  Mr. Larson made no complaints about these comments.

In April of 2008, an anonymous letter addressed to "United Management" was slipped under the door of Mr. Larson's office.  The author of that letter, claiming to be an agent, expressed concern about morale and included this statement: "Why does anybody care what sexual preference you may have for somebody have to do with the job they have been given.  (I never saw the letter that was put in the break room and this had nothing to do with that.)" Exhibit A.

Mr. Larson expressed his concern about this letter as being discriminatory to Mr. Sprague, who did not consider it discriminatory or offensive.

At the time of this letter, it was well known that UAL's financial difficulties would cause the layoff or furlough of many employees. During the summer of 2008 many UAL employees were furloughed. Mr. Larson was a G-level manager. Mr. Scanlon decided that five of the G-level managers at DIA would be furloughed. Four of them left voluntarily. On August 21, 2008, Mr. Sprague told Mr. Larson that he was to be furloughed, effective September 7, 2008. He was entitled to return to his union job of customer service representative but he was also furloughed from that position due to a lack of seniority. He filed a charge of discrimination with the Equal Employment Opportunity Commission on January 31, 2009, and filed this civil action on November 21, 2009, after receiving a Notice of Right to Sue letter.

The plaintiff claims gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.* and sexual orientation discrimination and retaliation under the Colorado Anti-Discrimination Act ("CADA"), C.R.S. 24-34-402.

The defendant moved for summary judgment after completion of discovery.

The plaintiff claims that his supervisor, Mr. Sprague, treated gay men differently from gay women and that this difference was a motivating factor in the furlough decision. He also claims that because of his expressed concern about the two letters he considered to be offensive, he was labeled a troublemaker and the furlough decision was the result of a retaliatory motive.

The defendant has presented evidence that the investigation begun by Peggy Decker was pursued without success in determining authorship of the December, 2007, letter. There was no investigation conducted as to the April, 2008, letter because it was not considered offensive or discriminatory. Indeed, the letter was protesting any concern for the sexual orientation of the UAL staff.

There is some dispute concerning the manner in which the furlough decision was made. Mike Scanlon, Todd Sprague and other supervisory managers met in a "consistency session" to score 18 G-level managers. Those scores were recorded on worksheets and Mr. Larson was ranked next to lowest. The plaintiff challenges this process and contends that he ranked higher than Kelly Holder, a woman who was retained. Mr. Larson claims that the scores were manipulated to reverse that comparative ranking. His only support for that claim is that Kathy Holder told him that he was higher.

The plaintiff makes much of a difference in worksheets produced during discovery but the defendant has explained that the difference is in the formats used. The plaintiff also claims that there was, in fact, no reduction in the number of persons working under Mr. Sprague's supervision. That is true. It resulted from the fact that Gary Dyer, a higher level manager, was demoted and assigned to perform the job that the plaintiff had been doing.

The primary thrust of the plaintiff's case is the contention that UAL practiced retaliation against any employee who complained of any type of discrimination. He has not made that case. The evidence does not support a fair inference that the furlough of Geoffrey Larson was influenced by his gender, his sexual orientation or his expressed

concerns about the letters.  Those expressed concerns are an insufficient basis for a finding that he engaged in the anti-discrimination activity that is statutorily protected.

Because the plaintiff has failed to show adequate evidentiary support to warrant submission of his claims to a jury, it is

ORDERED, that judgment will enter for the defendant United Air Lines, dismissing all of the plaintiff's claims and awarding costs.

DATED:   June 9th, 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge